**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

BURAK CAYAR,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER, et al.,

Respondents.

Case No.: 3:26-cv-01431-RBM-DDL

**ORDER TO SHOW CAUSE**

On February 5, 2026, Petitioner Burak Cayar ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Doc. 1.)  For the reasons set forth below, the Petition is **<u>GRANTED</u>**.

## I.     <u>BACKGROUND</u>

Petitioner, a native and citizen of Turkey, entered the United States on or around July 2, 2024. (Doc. 1 at 1.)  On July 3, 2024, the United States Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("NTA") "for being present in the United States without being admitted or paroled." (*Id*.)  The NTA also commenced removal proceedings against Petitioner. (*Id*.)  Petitioner was subsequently released from custody. (*Id*.)

On August 20, 2024, Petitioner filed an application for asylum and withholding of removal. (*Id*. at 1–2; *see* Doc. 5 at 90–104.) "For more than a year after his release, Petitioner lived in the United States without incident and complied with all requirements related to his immigration proceedings." (Doc. 1 at 2.) Petitioner was granted work authorization and obtained lawful employment as a truck driver. (*Id*.) He also "maintained a clean record and has never been arrested or convicted of any crime." (*Id*.)

On November 30, 2025, Petitioner was detained at Camp Pendleton Marine Corps Base while he was working and taken into United States Immigration and Customs Enforcement's ("ICE") custody. (*Id*.; *see* Doc. 5 at 63; Doc. 5-1 at 3.) "Since that date, Petitioner has remained continuously detained at the Otay Mesa Detention Center in San Diego, California." (Doc. 1 at 2.) Petitioner requested a bond hearing before an immigration judge ("IJ") on December 12, 2025. (*Id*.) On December 19, 2025, an IJ denied his request based on a lack of jurisdiction. (*Id*.; *see* Doc. 5 at 112–113.)

On March 5, 2026, Petitioner filed the instant Petition. (Doc. 1.) Respondents filed a Return to the Petition ("Response") on March 16, 2026. (Doc. 2.) On March 19, 2026, Petitioner filed a Reply (Doc. 5) and Exhibits in Support of the Reply (Doc. 6).

## II.   <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   <u>DISCUSSION</u>

Petitioner claims that his continued detention without a bond hearing violates the

2

Fifth Amendment's Due Process Clause and the Immigration and Nationality Act ("INA"). (Doc. 1 at 2, 8–11.) Respondents contend that "Petitioner is subject to mandatory detention under § 1225(b), because Petitioner was present in the United States without being admitted or paroled." (Doc. 4 at 2.) In support, Respondents attempt to incorporate by reference arguments regarding the government's authority for mandatory detention under § 1225(b) made in similar cases. (*See id.* at 2–4 & n.2.)[1] Respondents, however, do not substantively address Petitioner's due process claims.[2]

This Court has granted several habeas petitions filed by similarly situated petitioners. In *Faizyan v. Casey*, the Court held a similarly situated petitioner was detained pursuant to 8 U.S.C. § 1226. Case No.: 3:25-cv-02884-RBM-JLB, 2025 WL 3208844, at *5–6 (S.D. Cal. Nov. 17, 2025); *accord Ayinder v. LaRose*, Case No.: 26-cv-0566-JES-MSB, 2026 WL 296658, at *1 (S.D. Cal. Feb. 4, 2026) (holding that "where a petitioner is apprehended at the border, paroled into the country, and had been residing in the country when he was re-detained, his detention is governed by § 1226.") (collecting cases). Applying the due process inquiry in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court also found "all three factors support a finding that Respondents' revocation of [the petitioner's] conditional parole without reasoning or an opportunity to be heard deprived [the petitioner]

---

[1] "Generally, courts do not allow incorporation by reference of arguments or 'substantive materials' not contained within the relevant motions' briefs." *Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022), *aff'd*, No. 22-16762, 2023 WL 4946605 (9th Cir. Aug. 3, 2023) (collecting cases); *see Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 947 (N.D. Cal. 2014) (declining to consider arguments plaintiff "improperly [sought] to incorporate by reference").

[2] Respondents "request[ ] an opportunity to submit [a more formal response] within a reasonable timeframe" (Doc. 6 at 2 n.1), but notably failed to properly request an extension of time. *See also Sosa Inzuna v. Warden of Adelanto Det. Facility*, — F. Supp. 3d —, 2026 WL 233211, at *3 n.2 (C.D. Cal. 2026) (noting "the current volume of habeas petitions . . . being filed can be attributed to Respondents' deliberate choice to continue defying the final judgment entered in *Bautista*").

3:26-cv-01431-RBM-DDL

of his due process rights." *Faizyan*, 2025 WL 3208844, at *7; *see also Perez v. LaRose*, Case No.: 3:25-cv-02620-RBM-JLB, 2025 WL 3171742, at *5 (S.D. Cal. Nov. 13, 2025); (reaching the same conclusion as to a petitioner's release on humanitarian parole).

Like in *Faizyan*, Petitioner was apprehended upon his arrival in the United States on July 2, 2024, released from ICE custody shortly thereafter, and lived in the United States continuously before being re-detained. (Doc. 1 at 2, 6.) As such, Petitioner is not an "arriving" noncitizen but one that has been present in the United States for over a year. *See Faizyan*, 2025 WL 3208844, at *7.

Before his recent arrest in November 2025, Petitioner complied with all requirements related to his immigration proceedings, obtained lawful employment, and "has never been arrested or convicted of any crime." (Doc. 1 at 6.) He was also granted work authorization and was able to apply for asylum relief. (*Id*.) Respondents therefore implicitly promised Petitioner's continued release, and he reasonably relied on that promise. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

The Court therefore adopts its reasoning in *Faizyan* and applies it here. For those same reasons, Petitioner is detained under 8 U.S.C § 1226 and his re-detention without a pre-deprivation hearing violated his due process rights and rendered his detention unlawful. *See Faizyan*, 2025 WL 3208844, at *7; *Perez*, 2025 WL 3171742, at *5.[3]

## IV.   CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting release.

2. The Court **ORDERS** that, prior to any such re-detention, Petitioner is entitled to notice of the reasons for revocation of his release and a hearing before an

---

[3] In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

4

3:26-cv-01431-RBM-DDL

immigration judge to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.

**IT IS SO ORDERED**.

DATE:  March 26, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-01431-RBM-DDL